1  Thomas P. Quinn, Jr. (SBN 132268)
   Nokes & Quinn
2  410 Broadway, Suite 200
   Laguna Beach, California 92651
3  Telephone:    (949) 376-3500
   Facsimile:    (949) 376-3070
4  Email: tquinn@nokesquinn.com

5  Attorney for Defendant
   EQUIFAX INFORMATION SERVICES LLC
6

7                    **UNITED STATES DISTRICT COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9                         **EASTERN DIVISION**

10

11  MARK BEATTY,                          Case No. 5:21-cv-00968-JGB-SHK

12              Plaintiff,                **DEFENDANT EQUIFAX
                                          INFORMATION SERVICES
13      v.                                LLC'S ANSWER TO
                                          PLAINTIFF'S COMPLAINT
14  MOUNTAINS COMMUNITY                   AND AFFIRMATIVE AND
    HOSPITAL FOUNDATION, INC.,            OTHER DEFENSES**
15  GRANT MERCANTILE AGENCY,
    INC. and  EQUIFAX INFORMATION         [Pursuant to 28 U.S.C. §§ 1331,
16  SERVICES LLC,                         1441 and 1446]

17              Defendants.

18

19  Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax") by and

20  through its attorneys hereby submits its Answer to Plaintiff's Complaint and

21  Affirmative and Other Defenses, as follows:

22                    **PRELIMINARY STATEMENT**

23  In answering the Complaint, Equifax states that it is responding to allegations on

24  behalf of itself only, even where the allegations pertain to alleged conduct by all

25  Defendants. Equifax denies any and all allegations in the headings and/or

26  unnumbered paragraphs in the Complaint.

27

28

# ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

## INTRODUCTION

**COMPLAINT ¶1:**

The United States Congress has long been concerned with safeguarding consumers' personal information and privacy. Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq,* to protect consumers and regulate those that buy and sell consumer reports aka credit reports. The FCRA provides rules for consumer reporting agencies regarding their responsibilities concerning fairness, impartiality, and a respect for consumers' rights to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties and restrictions, on those that access consumer credit information to ensure they have a permissible purpose to do so.

**ANSWER:**

Equifax denies Paragraph 1 to the extent it misstates, misquotes, mischaracterizes, or takes out of context the language of the cited case law or the requirements of the FCRA, and further denies any violation of the law. Equifax denies the remaining allegations in Paragraph 1.

**COMPLAINT ¶2:**

The California legislature found that the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code § 1785.1 *et seq,* to ensure accuracy of consumer credit reports. The CCCRAA imposes duties on those that furnish information to credit reporting agencies.

**ANSWER:**

Equifax denies Paragraph 2 to the extent it misstates, misquotes, mischaracterizes, or takes out of context the language of the cited case law or the requirements of the CCRAA, and further denies any violation of the law. Equifax denies the remaining allegations in Paragraph 2.

**COMPLAINT ¶3:**

Further, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deception collection practices undermine the public confidence that is essential to the continued function of the banking and credit system and sound extension of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. The California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*, incorporates the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S. Code § 1692 *et seq*, through Cal. Civ. Code § 1788.17

**ANSWER:**

Equifax denies Paragraph 3 to the extent it misstates, misquotes, mischaracterizes, or takes out of context the language of the cited case law or the requirements of the RFDCPA, and further denies any violation of the law. Equifax denies the remaining allegations in Paragraph 3.

**COMPLAINT ¶4:**

Mark Beatty ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Mountains Community Hospital Foundation, Inc., Grant Mercantile Agency, Inc., and Equifax

3

Information Services, LLC, (collectively "Defendants") for failing to maintain and follow reasonable procedures to ensure maximum possible accuracy of Plaintiffs consumer credit reports.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action against Equifax, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax.

**COMPLAINT ¶5:**

Plaintiff alleges violations upon personal knowledge and experience. As to all other matters, Plaintiff bases the allegations on information and belief, including investigation conducted by Plaintiff's attorneys.

**ANSWER:**

Denied.

**COMPLAINT ¶6:**

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

**ANSWER:**

Denied.

**COMPLAINT ¶7:**

Unless otherwise stated, 'all the conduct engaged in by Defendants occurred in California.

**ANSWER:**

Denied.

**COMPLAINT ¶8:**

The violations were knowing, willful, and intentional and Defendants did not maintain procedures reasonably adapted to avoid any such specific violations.

1   **ANSWER:**

2   Denied.

3   **COMPLAINT ¶9:**

4   Unless otherwise indicated, the use of any Defendants' names in this Complaint

5   includes all agents, employees, officers, members, directors, heirs, successors,

6   assigns, principals, trustees, sureties, subrogees, representatives, and insurers of

7   Defendants.

8   **ANSWER:**

9   Denied.

10                      **JURISDICTION AND VENUE**

11   **COMPLAINT ¶10:**

12   Jurisdiction of this court is proper for violations of the FCRA, 15 U.S.C. § 1681 *et*

13   *seq* pursuant to 15 U.S.C. § 1681p.

14   **ANSWER:**

15   Equifax admits that the Court has federal question jurisdiction pursuant to 15

16   U.S.C. §1681p. Equifax denies the remaining allegations in Paragraph 10.

17   **COMPLAINT ¶11:**

18   Defendants are authorized to and regularly conducts business in the State of

19   California, and thus, personal jurisdiction is established.

20   **ANSWER:**

21   Equifax admits it is authorized to conduct business in the State of California.

22   Equifax denies the remaining allegations in Paragraph 11.

23   **COMPLAINT ¶12:**

24   Venue is proper in San Bernadino because Plaintiff resides in San Bernadino

25   County and the illegal acts alleged herein occurred in San Bernadino County.

26   **ANSWER:**

27   Denied.

28

**PARTIES & DEFINITIONS**

**COMPLAINT ¶13:**

Plaintiff is, and at all times mentioned herein was, a natural person, individual citizen and resident of the State of California, County of San Bernadino, in this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681 a(c) and by Cal. Civ. Code § 1785.3(b) and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

**ANSWER:**

Equifax admits that Plaintiff is an adult individual and a "consumer" as defined by the FCRA. Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13.

**COMPLAINT ¶14:**

Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA, as it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

**ANSWER:**

Equifax admits that Equifax Information Services LLC is a limited liability company located at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax admits that some of Equifax's business activities make it a "consumer reporting agency" under the FCRA as to those activities only.  Equifax denies the remaining allegations in Paragraph 14.

**COMPLAINT ¶15:**

Grant Mercantile Agency ("Mercantile") is, and at all times mentioned herein was, a "person" under Cal. Civ. Code § 1785.3(j). Mercantile, in the ordinary course of

1    business, regularly, on behalf of itself, or others, engages in "debt collection" as

2    that term is defined by California Civil Code § 1788.2(b) and is therefore a "debt

3    collector" under Civil Code § 1788.2(c).

4    **<u>ANSWER:</u>**

5    Equifax lacks knowledge or information sufficient to form a belief as to the

6    allegations in Paragraph 15.

7    **<u>COMPLAINT ¶16:</u>**

8    Mountains Community Hospital ("Hospital") is, and at all times mentioned herein

9    was, a "person," as defined by Cal. Civ. Code § 1788.2(g). Hospital, in the

10    ordinary course of business, regularly, on behalf of itself, or others, engages in

11    "debt collection" as that term is defined by California Civil Code § 1788.2(b) and

12    is therefore a "debt collector" under Civil Code § 1788.2(c).

13    **<u>ANSWER:</u>**

14    Equifax lacks knowledge or information sufficient to form a belief as to the

15    allegations in Paragraph 16.

16    **<u>COMPLAINT ¶17:</u>**

17    At all times relevant herein Defendants conducted business in the State of

18    California, in the County of San Bernadino, within this judicial district.

19    **<u>ANSWER:</u>**

20    Denied.

21    **<u>COMPLAINT ¶18:</u>**

22    The cause of action herein pertain to Plaintiff's "consumer reports", as defined by

23    15 U.S.C. § 1681a(d)(1) of the FCRA and by Cal. Civ. Code § 1785.3(d) of the

24    CCCRA, in that inaccurate misrepresentations of Plaintiff's credit worthiness,

25    credit standing, and credit capacity were made via written, oral, or other

26    communication of information by a consumer credit reporting agency, which is

27    used or is expected to be used, or collected in whole or in part, for the purpose of

28

7

serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

**<u>ANSWER:</u>**

Denied.

**<u>COMPLAINT ¶19:</u>**

Further, this case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19.

**CCCRAA FACTUAL ALLEGATIONS**

**<u>COMPLAINT ¶20:</u>**

Sometime prior to the filing of this action, Plaintiff incurred a debt to Hospital under account number ending in 05.

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20.

**<u>COMPLAINT ¶21:</u>**

On August 16, 2019, Plaintiff filed a Chapter Thirteen Bankruptcy in the Central District of California at Riverside under case number 6:19-bk-17249-ME.

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21.

1

**COMPLAINT ¶22:**

2

On August 21, 2019, the Bankruptcy Court sent notice to Hospital by first class

3

mail notifying Hospital that Plaintiff filed for Bankruptcy.

4

**ANSWER:**

5

Equifax lacks knowledge or information sufficient to form a belief as to the

6

allegations in Paragraph 22.

7

**COMPLAINT ¶23:**

8

On July 9, 2020, after receiving notice of Plaintiffs Bankruptcy proceedings and

9

unknown to Plaintiff, Hospital assigned Plaintiffs debt to the collection agency

10

Mercantile.

11

**ANSWER:**

12

Equifax lacks knowledge or information sufficient to form a belief as to the

13

allegations in Paragraph 23.

14

**COMPLAINT ¶24:**

15

On July 24, 2020, Plaintiff's Chapter Thirteen Bankruptcy was converted to a

16

Chapter Seven Bankruptcy.

17

**ANSWER:**

18

Equifax lacks knowledge or information sufficient to form a belief as to the

19

allegations in Paragraph 24.

20

**COMPLAINT ¶25:**

21

On November 17, 2020, the Bankruptcy Court granted a discharge of all of

22

Plaintiff's relevant debts.

23

**ANSWER:**

24

Equifax lacks knowledge or information sufficient to form a belief as to the

25

allegations in Paragraph 25.

26

27

28

**COMPLAINT ¶26:**

On November 19, 2020, the Bankruptcy Court sent notice of discharge to Hospital by first class mail.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 26.

**COMPLAINT ¶27:**

On or about January 7, 2021, Plaintiff checked his Equifax credit report and was surprised to see that Mercantile was still reporting a debit of $300, which the original creditor was Hospital, despite Plaintiff's discharge in November 17, 2020.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 27.

**COMPLAINT ¶28:**

By furnishing inaccurate information to the credit bureau(s), Mercantile has misrepresented the status of Plaintiff's financial obligations.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 28.

**COMPLAINT ¶29:**

Mercantile knew, or should have known, that the information furnished was inaccurate. By providing it, Mercantile violated Cal. Civ. Code § 1785.25(a) that states;

> "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 29.

**COMPLAINT ¶30:**

The inaccurate information furnished and reported by Mercantile negatively reflects upon Plaintiff, Plaintiff's credit history, Plaintiff's financial responsibility, and Plaintiff's credit worthiness.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 30.

**COMPLAINT ¶31:**

As a result of Mercantile's improper conduct, Plaintiff has suffered damages due to Mercantile's misrepresentations.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 31.

**COMPLAINT ¶32:**

Plaintiff has suffered actual damages in the, form of worry, stress, lost time and spent energy. Plaintiff should not have to deal with this situation at all.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 32.

**COMPLAINT ¶33:**

Mercantile either knowingly or recklessly violated the CCRAA. There is no reasonable interpretation of the CCRAA which could consider Mercantile's actions lawful. In People v. Bell, 45 Cal. App. 4th 1030, the court defined willfully and

knowingly as requiring "only that the illegal act or omission occur `intentionally,' without regard for the motive or ignorance of the act's prohibited character."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 33.

**COMPLAINT ¶34:**

In addition, through this conduct, Mercantile and Hospital violated Cal. Civ. Code § 1788.17, which incorporates 15 U.S.C. § 1692f, by using unfair and unconscionable means in connection with the collection of an alleged balance.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 34.

<strong>FCRA FACTUAL ALLEGATIONS</strong>

**COMPLAINT ¶35:**

As stated above, on November 17, 2020, the Bankruptcy Court granted a discharge of all of Plaintiff's relevant debts.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 35.

**COMPLAINT ¶36:**

On or about January 7, 2021, Plaintiff checked his Equifax credit report and was surprised to see that Equifax was still reporting a debit of $300, allegedly owed to Mercantile.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 36.

**COMPLAINT ¶37:**

Equifax shows the account as still due and owing and able to be enforced and collected.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 37.

**COMPLAINT ¶38:**

Equifax's conduct was a violation of the injunction in White, et al. v. Experian Info. Solutions, Inc., Case No. CV 05-1070, which mandates Equifax to update the reports on its own after an account is discharged in Bankruptcy.

**ANSWER:**

Denied.

**COMPLAINT ¶39:**

Equifax has no reasonable means of monitoring or updating accounts once they are discharged in bankruptcy. Equifax has been reporting, derogatory and inaccurate information relating to Plaintiff and his credit history to third parties.

**ANSWER:**

Denied.

**COMPLAINT ¶40:**

Equifax is a professional credit reporting agency and its entire business revolves around information and credit reporting. It is well-versed in bankruptcy and the resulting discharge of debt that obligates it to report "$0 Balance".

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and avers that it maintains reasonable procedure to ensure maximum possible accuracy of its credit reporting,

including reporting in the case of a consumer's bankruptcy.  Equifax denies the remaining allegations contained in Paragraph 40.

**COMPLAINT ¶41:**

Equifax has access to information on bankruptcy filing dates, court locations, case numbers and discharge dates.

**ANSWER:**

Equifax admits that it may obtain consumer information from many sources, including public record information.  Equifax denies the remaining allegations in Paragraph 41.

**COMPLAINT ¶42:**

Equifax could obtain information related to each and every discharge issued by a U.S. Bankruptcy court in a bankruptcy proceeding through Lexis and/or PACER, an online court reporting service available to everyone.

**ANSWER:**

Equifax admits that it may obtain consumer information from many sources, such as PACER.  Equifax denies the remaining allegations in Paragraph 42.

**COMPLAINT ¶43:**

PACER includes information regarding whether a debt has been discharged or remains due. Therefore, if Equifax were to use services of which it is aware and has access, Equifax could achieve a near perfect accuracy in the reporting of pre-bankruptcy debts.

**ANSWER:**

Denied.

**COMPLAINT ¶44:**

Plaintiffs discharge information was readily available to Equifax. But Equifax does not have the proper procedures in place to utilize that information to ensure

14

maximum possible accuracy, resulting in reporting errors, which is what happened to Plaintiff.

**ANSWER:**

Denied.

**COMPLAINT ¶45:**

Lenders, and potential lenders, have accessed Plaintiff's reports while Equifax's false information still existed on the credit reports, thereby misrepresenting Plaintiffs credit worthiness.

**ANSWER:**

Denied.

**COMPLAINT ¶46:**

The inaccurate information negatively reflects upon Plaintiff, her credit history, financial responsibility, and credit worthiness.

**ANSWER:**

Denied.

**COMPLAINT ¶47:**

Equifax has denied Plaintiff a fresh start as provided by Title 11 of the U.S. code.

ANSWER:

  Denied.

**FIRST CAUSE OF ACTION**

**CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

**CAL. CIV. CODE §§ 1785 *ET SEQ.***

**COMPLAINT ¶48:**

Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

**ANSWER:**

Equifax restates its answers to the above paragraphs as its answer to Paragraph 48.

15

**COMPLAINT ¶49:**

As a furnisher of information, Mercantile is required to comply with Cal. Civ. Code § 1785.25.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 49.

**COMPLAINT ¶50:**

Mercantile willfully furnished information to at least one credit reporting agency where Mercantile knew or should have known the information was inaccurate in violation of Cal. Civ. Code § 1785.25(a).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 50.

**COMPLAINT ¶51:**

Based on these violations of Civil Code § 1785.25, Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31 including statutory damages of $5,000 from Mercantile for each month of inaccurate furnishing, for each agency, actual damages, attorney fees, costs, and injunctive relief.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 51.

**SECOND CAUSE OF ACTION**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**CAL. CIV. CODE §§ 1788-1788.32**

**COMPLAINT ¶52:**

Plaintiff incorporates by reference the above paragraphs of this complaint.

**ANSWER:**

Equifax restates its answers to the above paragraphs as its answer to Paragraph 52.

**COMPLAINT ¶53:**

The RFDCPA, Cal. Civ. Code § 1788 *et seq*, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 53. Equifax admits that Plaintiff purports to restate the requirements of the RFDCPA, but denies the allegations in Paragraph 53 to the extent it misquotes, misstates, mischaracterizes, or takes out of context the language of the law and Equifax denies any violation of the RFDCPA.

**COMPLAINT ¶54:**

Hospital and Mercantile attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 54.

**COMPLAINT ¶55:**

Hospital and Mercantile, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 55.

**COMPLAINT ¶56:**

Hospital assigned Plaintiffs debt to Mercantile after Hospital knew that Plaintiff had filed for Bankruptcy.

1  **ANSWER:**

2  Equifax lacks knowledge or information sufficient to form a belief as to the

3  allegations in Paragraph 56.

4  **COMPLAINT ¶57:**

5  Respondent used unfair or unconscionable means to collect or attempt to collect a

6  debt in violation of 15 U.S.C. § 1692f which violates Cal. Civ. Code § 1788.17.

7  **ANSWER:**

8  Equifax lacks knowledge or information sufficient to form a belief as to the

9  allegations in Paragraph 57.

10  **COMPLAINT ¶58:**

11  Respondent did not comply with 15 U.S.C. §§ 1692b to 1692j as required by Cal.

12  Civ. Code § 1788.17.

13  **ANSWER:**

14  Equifax lacks knowledge or information sufficient to form a belief as to the

15  allegations in Paragraph 58.

16  **COMPLAINT ¶59:**

17  Hospital and Mercantile willfully and knowingly violated the RFDCPA. As a "debt

18  collector" under the RFDCPA Hospital and Mercantile are fully aware of

19  California's debt collection laws, including the RFDCPA and FDCPA as

20  incorporated therein.

21  **ANSWER:**

22  Equifax lacks knowledge or information sufficient to form a belief as to the

23  allegations in Paragraph 59.

24  **COMPLAINT ¶60:**

25  A willful violation occurs where the violator intends to do the act which makes up

26  the violation. In the case of *People v. Bell*, 45 Cal. App. 4th 1030, the court found

27  that the Penal Code definitions of "knowingly" and "willfully" were persuasive in

28

determining the intent of Civil Code Sections. The court defined willfully and knowingly as requiring "only that the illegal act or omission occur `intentionally,' without regard for the motive or ignorance of the act's prohibited character."

**ANSWER:**

Equifax denies the allegations in Paragraph 60 to the extent it misquotes, misstates, mischaracterizes, or takes out of context the language of the FCRA. Equifax denies any violation of the FCRA.

**COMPLAINT ¶61:**

Plaintiff is entitled to damages as a result of Hospital's and Mercantile's willful violations.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 61.

**COMPLAINT ¶62:**

Plaintiff is also entitled to an award of attorney fees, costs, interest and any other relief the Court deems just and proper.

**ANSWER:**

Denied.

**COMPLAINT ¶63:**

The foregoing act and/or omission constitutes a violation of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.32.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 63.

**COMPLAINT ¶64:**

As a result of the violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Hospital and Mercantile.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 64, but denied as to Equifax.

**THIRD CAUSE OF ACTION**

**FAIR CREDIT REPORTING ACT (FCRA)**

**15 U.S.C. § 1681 *ET SEQ.***

**COMPLAINT ¶65:**

Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 65.

**COMPLAINT ¶66:**

Equifax regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information to furnish consumer reports to third parties, as defined in 15 U.S.C. § 1681a(d).

**ANSWER:**

Equifax admits that, at times, it engages in the business of assembling or evaluating consumer credit information and disbursing consumer reports to third parties. Equifax denies the remaining allegations contained in Paragraph 66.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT ¶67:**

As a credit reporting agency, Equifax is required to comply with 15 U.S.C. § 1681 *et seq.*

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" as to those activities only, and in that capacity, it is obligated to comply with certain consumer reporting agency obligations under the FCRA. Equifax denies the remaining allegations in Paragraph 107.

**COMPLAINT ¶68:**

In preparing Credit Reports, Equifax failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the discharged debts of Plaintiff, in violation of 15 U.S.C. § 1681e(b).

**ANSWER:**

Denied.

**COMPLAINT ¶69:**

As a result of Equifax's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. §1681e(b), Equifax erroneously reported as due and owing discharged debts of Plaintiff.

**ANSWER:**

Denied.

**COMPLAINT ¶70:**

The above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part to serve as a factor in establishing the consumer's eligibility for credit or

insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. § 1681(b).

**ANSWER:**

Equifax admits that Paragraph 70 purports to restate the definition of a "consumer report", but denies the allegations in Paragraph 70 to the extent it misquotes, misstates, mischaracterizes, or takes out of context the language of the FCRA. Equifax denies knowledge or information at this time sufficient to form a belief as to whether any consumer reports were issued as to Plaintiff, and further denies any violation of the law.

**COMPLAINT ¶71:**

Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to Plaintiff for willfully and negligently violating the requirements imposed on Equifax under 15 U.S.C. §1681e(b) to implement reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

**ANSWER:**

Denied.

**COMPLAINT ¶72:**

Equifax's conduct was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff.

**ANSWER:**

Denied.

**FOURTH CAUSE OF ACTION**

**NEGLIGENCE**

**COMPLAINT ¶73:**

Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

**<u>ANSWER:</u>**

Equifax restates its answers to the above paragraphs as its answer to Paragraph 73.

**<u>COMPLAINT ¶74:</u>**

Mercantile owed a duty of care to Plaintiff to furnish correct information to credit reporting agencies.

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 74.

**<u>COMPLAINT ¶75:</u>**

Mercantile's conduct proximately caused injuries to Plaintiff.

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 75.

**<u>COMPLAINT ¶76:</u>**

Due to Mercantile's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 76.

**<u>COMPLAINT ¶77:</u>**

Plaintiff believes and alleges that Mercantile's conduct of furnishing incorrect information constitutes oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Mercantile's conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to recover punitive damages from Mercantile in an amount according to proof.

ANSWER:

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 73.

## PRAYER FOR RELIEF

- Actual damages pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);

- Statutory damages of $5,000 per violation, per account, per month of reporting, per agency pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- Injunctive relief to command Mercantile to correct Plaintiff's credit reports and prohibit them from engaging in future violations of Cal. Civ. Code § 1785.25, pursuant to Cal. Civ. Code § 1785.31(b);

- An award of any actual damages pursuant to California Civil Code § 1788.30(a);

- Statutory damages of $1,000 for violation of Cal. Civ. Code § 1788, *et seq* pursuant to Cal. Civ. Code § 1788.30(b);

- Cumulative statutory damages of $1,000 for violations of 15 U.S.C. § 1692 *et seq* pursuant to 15 U.S.C. § 1692k(a)(2) via Cal. Civ. Code § 1788.17 that reads;

- "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

- And Cal. Civ. Code § 1788.32 that reads;

- "The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law."

- Attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

ANSWER:

Equifax denies that Plaintiff is entitled to the relief sought in Plaintiff's Prayer for Relief or to any other relief by the Complaint.

24

# FAIR CREDIT REPORTING ACT (FCRA)

## 15 U.S.C. § 1681 *ET SEQ.*

WHEREFORE, Plaintiff respectfully request the Court grant Plaintiff the following relief against Equifax:

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

- Statutory damages of $1,000 per month of reporting pursuant to 15 U.S.C. § 168 1 n(a)(1).

- Such punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- Injunctive relief to prohibit Equifax from engaging in future violations;

- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

- Any other relief the Court may deem just and proper including interest.

## NEGLIGENCE

- Plaintiff is entitled to actual and punitive damages in an amount to be established at trial.

## **ANSWER:**

Equifax denies that Plaintiff is entitled to the relief sought in foregoing the WHEREFORE Clause or to any other relief by the Complaint.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury on all counts so triable.

## **ANSWER:**

Equifax objects to a trial by jury to the extent Plaintiff seeks equitable relief or for any other relief for which Plaintiff is not entitled to a jury.

## **AFFIRMATIVE AND OTHER DEFENSES**

Equifax asserts the following affirmative and other defenses to the Complaint:

### **FIRST DEFENSE**

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against Equifax.  Equifax is neither incorporated nor headquartered in California, and the conduct giving rise to Plaintiff's claims against Equifax occurred outside of California and was not targeted at California. Equifax is not a consumer reporting agency, did not and does not maintain a credit file on Plaintiff, and did not take any action regarding Plaintiff's credit file.

### **SECOND DEFENSE**

This Court is not the proper venue as to the claims Plaintiff brings against Equifax because the Court lacks personal jurisdiction over Equifax.

### **THIRD DEFENSE**

Plaintiff's claim fails in whole or in part to state a claim against Equifax upon which relief can be granted.

### **FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not make a direct dispute with Equifax concerning the information alleged in the Complaint.

### **FIFTH DEFENSE**

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

### **SIXTH DEFENSE**

Plaintiff's negligence claims and any injunctive relief sought by his Complaint are preempted by the FCRA.

26

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action;

(3)     it recover such other and additional relief as the Court deems just and appropriate.

DATED:  June 16, 2021                              NOKES & QUINN


                                                  By: /s/ Thomas P. Quinn, Jr.
                                                  Thomas P. Quinn, Jr.
                                                  Attorney for Defendant
                                                  Equifax Information Services LLC

27

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE AND OTHER DEFENSES